For plaintiff: Sheffield & Harny.

For defendant: Max Levy.

---

Owen A. Roarke
vs.  No. 70768
Peoples Storage Warehouse Company

November 17, 1927.

TANNER, P. J. This is an action of trespass on the case for injury to goods stored and failure to deliver some of said goods.

This case is heard upon demurrer.

The second ground of demurrer is that there is a fatal variance between the writ and the declaration, the writ being in trespass on the case and the declaration stating matters ex-contracto.

"Case is an approprite remedy though concurring with assumpsit in bailment cases."

6th C. J. 1152, Note 85.

We think the declaration properly states negligence though based upon a contract of bailment.

Demurrer on this ground is overruled.

The third ground of demurrer is that no such duty to the plaintiff as is attempted to be stated in the declaration is shown to rest on the defendant.

This refers to the common ground of objection that the declaration states an absolute duty instead of a duty to exercise due care.

Demurrer on this ground is sustained.

The fourth ground of demurrer is that the storage apartment was rented to the plaintiff by the month and that such rental is inconsistent with a bailment.

We think it is well known that storage houses assign certain apartments to customers for the storage of goods and take them on bailment in so doing.

Demurrer on this ground overruled.

The fifth ground of demurrer is that the declaration is double in seeking to recover for damages and failure to redeliver.

We think this allegation covers different items of damage resulting from the same bailment.

"When chattels are delivered to a bailee in good condition and are returned in a damaged condition or not returned at all, the law will presume negligence to have been the cause, and cast upon the bailee the burden of showing that the loss did not occur through his negligence."

3rd Am. & En. Ency. of Law, 2nd ed. pp. 750, 751.

Demurrer on this ground overruled.

The sixth ground of demurrer is that of surplusage.

It is well known that a demurrer does not reach surplusage.

Demurrer on this ground overruled.

The seventh ground of demurrer is that the declaration is fatally incoherent and incomprehensible.

Such a demurrer is too general to be considered.

The eighth ground of demurrer is that the declaration does not allege freedom from contributory negligence on the part of the plaintiff.

This being an action for negligence, we think this usual allegation should be inserted.

The ninth ground of demurrer is that the declaration fails to show that any act or omission of the defendant was the approximate cause of the alleged damage.

The declaration does lack the usual allegation that by reason of the negligence aforesaid, the damages specified occurred.

Demurrer on this ground sustained.

For plaintiff: Stephen J. Casey.

For defendant: Henshaw, Lindemuth & Baker.